Case number 233889, Christine Kinney v. Comm of Social Security Argument not to exceed 15 minutes per side Mr. Farrell, you may proceed No reason to take offense that not as many people are interested in the case We're very interested, I promise you Thank you, Your Honor My name is Clifford M. Farrell. I'm with the law firm of Manring & Farrell Representing appellant, I do request three minutes reserved for rebuttal Ms. Kinney filed her application in November of 2020 for benefits under the Social Security Act That date is important because the regulations in evaluating evidence changed in 2017 And, excuse me, as of that point in time, the date of her application There were basically two primary sources of medical records, or medical information Acceptable medical sources and other medical sources Acceptable medical sources are needed for diagnosis of an impairment Other medical sources' opinions are considered, such as counselors and the like In terms of identifying what a claimant can or cannot do In this case, somewhat uniquely, the state agency identified limitations that were fairly significant So significant that the vocational witness at the hearing identified that the one limitation Discussing the ability to have flexibility and breaks in scheduling would be work preclusive The administrative law judge found the opinions of the doctor who offered that opinion The state agency consultant persuasive And then failed to discuss or include that limitation Can I ask you?  So, in your brief, you know that the 2017 regulations, which you were just alluding to Reduce the ALJ's obligation to explain its assessment of medical opinions Is that fair? Like the medical treating physician rule, those kind of rules What bearing, if any, did that have on 96-8? I think that the commissioner's focus and the whole purpose of all the changes Was to focus on supportability and consistency and get away from conclusions that If a treating doctor says somebody's disabled, they're automatically disabled Yeah, but I mean, right, they had to explain their reason for discounting it Sure And now it seems like there's a little more flexibility Is that a fair statement? And I guess my question is, my ultimate question, just to cut to the chase And maybe you can explain it to me Is if 96-8 is an interpretive document, what is it interpreting? Because if it's interpreting, just to give you the answer If it's interpreting the medical treating physician rule Then isn't it more flexible now? And wouldn't that mean we can't do anything about it? And if it's not, what is it interpreting? The best response I can think of is this I certainly don't think that it relaxed the ability of the courts To review an administrative decision Otherwise, there will never be social security cases in court again And I don't think that the commissioner can take away Well, that can't be right, right? Because, I mean, there's all kinds of things ALJ can do that are problematic It's just around this one The medical treating rule used to be a big deal Absolutely And now it's less so post-2017 The treating physician rule is totally changed That's what I mean No, no, no, you're fine I would say it this way I don't think that the intent was to make Or allow the commissioner's position to be more ambiguous If you read this decision For example, the judge says in the decision That the objective findings do not support the limitations identified Okay I'm not sure what that means And then says that the therapist who offered the opinions Was not an acceptable medical source Okay, we know that That only means that her opinion can't be relied upon for diagnosing But the diagnosis was already confirmed So now it's supposed to be evaluated In terms of the rest of the record You see how I'm hung up on what is 96-8 interpreting Because that's To me, that seems like a difficult and important question In the ultimate decision Because if it Because it says must I agree with you And as a result It's pretty clear to me here The ALJ did not do What they must under 96-8 But has that Has that changed post-2017? I don't think so Because even if I read through the federal register last night I was bored Oh my gosh And I looked at the comments To the proposed changes And it says we will consider And we will articulate Our consideration of all the medical opinions You can't choose which parts of the medical opinions I'm sorry, that's 82 federal register at 58-53 You can't choose which medical opinions you want to accept And not address them Or choose the I'm going to accept these I find this persuasive But I don't want to have to deal with this one So I'm just going to ignore it There's an option You don't want to Find that credible You don't want to find it supported Consistent with the evidence That's what the regulation said I looked through When I went through the entire record, I noticed I think Judge White has a question Oh, I'm sorry, Your Honor Okay, so basically your point is No, the ALJ was not obliged to accept X, Y, and Z medical opinion But he implicitly did When he found that When he found the state agency physician opinion persuasive When he found that her testimony was persuasive Correct, that's it So he accepted the medical predicate And that's the dilemma here It's persuasive, but I'm not adopting it As to what that translates into in the world of employment Correct And if you look at the consistency and supportability I mean, the doctor's opinion is not just that narrow That document goes on and explains that She's going to have They acknowledge in the state agency opinion She's going to have absences She's going to have problems With attendance I looked through the I re-read the entire record And I found 12 different times Where she was late to therapy or counseling All right, maybe over the course of a couple years Not a big deal Then there were 20 to 25 times Where she was absent from scheduled appointments With various physicians and therapists There was another 15 to 20 times That the doctors, instead of saying absence, said missed The appointments And so the ability to be at work, stay at work Is the fundamental part She needs extra considerations Well, the more you say that The more it looks less like break flexibility And not showing up for work flexibility Well, in the world of unskilled work The fact is that flexibility Is almost always work perclusive I think I'm not a vocational expert, but Because in the world of unskilled work You go to work And you get your two-hour break Or break at two hours And you work your shifts But if you need flexibility In when you take the breaks Or how long you take the breaks Or how many breaks you get That doesn't work in the world of Making widgets and getting them out As quickly as possible And employers want ongoing Attendance and participation And that was what The vocational witness basically conceded That if there's a need for flexibility In breaks and the like That is an accommodated work setting Under the Americans with Disabilities Act It's not work Just so I understand your point Under 96-8 One of two things In your mind One of two things needs to happen Either the ALJ needs to explain their reason For not following The break flexibility of Dr. Dutt After accepting them as credible Or they need to accept it And the vocational expert Needs to then reassess Whether there are jobs in the economy That your client can work Is that fair? I think that's accurate The judge I'm just trying to make sure No, no, no I think you're correct My client only wants to say I would say it this way I want to know why I can't get benefits Tell me I can't Tell me why And in fact, if you look The treating physician in this case And I'm not invoking the treating physician But the treating physician Indicated in her statement Dr. Sarah Jackson That the claimant May be unable to sit a full eight hours And may need less hours I wouldn't be here if that was the issue Because the may Is not a quantitative terminology It's speculative at best But that isn't the issue It's here the state agency And the treating doctor Dr. Jackson later on said She will be absent She will be late The treating therapist said She will have more than two absences a month The treating doctor is 24-24 The medical source statement is 24-31-2-3 I believe Everybody's agreeing She needs flexibility She's going to have times Where she needs to miss And it isn't just for medical appointments There's four different references I found Either losing jobs or getting fired She was late on paying her rent She was looking for assistance From the state of Ohio Through the HEAP And she didn't timely file her paperwork She lost her food stamps Because she was unable to do things In a timely fashion She lost her medication She lost her glasses This is an individual who The record shows Has these difficulties And so we're not speculating And it isn't just limited to She didn't like the doctor So she doesn't go This is the way her life is And the record documents it So there's the support And there's the consistency All the therapists All the doctors All the records are saying the same thing For that reason I believe we request a reversal Thank you Thank you Ms. Preston May it please the court Sarah Preston for the defendant Commissioner Going first to your question about What does 96-8P apply to What does it refer to It refers to the assessment Of the residual functional capacity That's the title of it It talks about That an ALJ has a duty To explain the evidence That supports limitations in the RFC They must, right? Yes The language is they must And so I just don't understand How you can How we get around that Our case in Wilson says It's an important procedural question And if the ALJ doesn't follow it It's almost always prejudicial Yes So there's two things I want to talk about The first is the ALJ's duty To explain the reasons That support the RFC And we argue that he did so here There's also a requirement That if medical opinions Conflict with the RFC Then he must explain the conflict And that is the part Where we are arguing That there's not a conflict Because the ALJ didn't find one And the ALJ is no longer I'm sorry to interrupt you But he accepted He listed when he was accepting This limitation And then when he Goes to the vocational expert He never in between those two steps Explains why he's accepting Everything else But not the RFC limitation So the ALJ is not required To explain why something Is not in conflict So that he only has Can I read you Because this is what it says You should explain If the RFC assessment Conflicts with an opinion From a medical source The adjudicator must explain Why the opinion was not adopted Yes, exactly So only if that conflict is triggered Does the ALJ have to provide that analysis So it used to be Under the prior regulations That the ALJ had to assign weight To every element of a medical opinion And then when the New regulations were enacted That articulation requirement Was significantly lowered I also was bored last night And read through the federal register And they specifically Thank God What happened to all the good music I know, I had music going We are in Nashville after all It was definitely playing in the room But in the federal register It said we are not required To articulate how we considered Each medical opinion Or prior administrative medical finding From one medical source individually And in the comments One of the commenters said Well doesn't this Isn't it going to make it impossible For courts to review If they don't know Why an ALJ found an opinion To be persuasive But didn't include each limitation In the RFC And the agency said no Having this minimum articulation requirement Of only looking at the source level And only saying I find this persuasive Or not persuasive That that would satisfy the requirements To allow for judicial review But did he even Was it he or she, I'm sorry It was a he Did he And I don't mean to get into our last case Did he say Anything about DUTS RFC And what am I missing there Because 96.8 In spite of all the other regs That have been changed You haven't changed 96.8 Correct We did change several of the regs That were related to it So like 96-2P Which was talking about the treating physician rule And said the ALJ must make its reasons Sufficiently specific Question, I'm sorry And this, you agree Is not interpreting the treating physician rule No, and that's why we didn't need to change it But that phrase That he only needs to explain Why it was not adopted Is triggered by there being a conflict And the duty to resolve conflicts Is the ALJ's So in the same way So Kinney's basically arguing If I've been I'm lost and I'll stop asking questions Because maybe I'm doing it myself So you agree he has an obligation To explain conflicts I still don't understand How he explained this conflict So that's presuming that the ALJ Found a conflict Which he didn't So Kinney's argument is The fact that he found it persuasive Necessarily implies that there's a conflict If it's not included in the RFC But that's not what the law requires So we know that even under the prior rule An ALJ does not need to adopt verbatim Or wholesale So what does the must sentence mean? I lied What does the must sentence mean? So I agree that an ALJ must explain a conflict But a conflict has to be found first And when an ALJ doesn't So the ALJ's in charge of the duty? That seems funny to me Yes, so an ALJ gets to resolve conflicts In the evidence There's no duty for him to explain Why a conflict did not exist And so the court's role Is to say Was the ALJ compelled to find a conflict Such that it was legal error For him to not explain it Because there's no requirement That an ALJ explain why But then Mr. Farrell's right We never can review it We can't figure out what's in his mind And you don't So the court reviews Whether the ALJ's RFC Is supported by substantial evidence Whether it was within the zone of choice So could a reasonable person Conclude that Dr. Dett's limitations Were consistent with the ALJ's RFC And that is where all of our arguments come in In showing that this was within The permissible zone of choice The fact that it was vague That it was not specific and concrete That it was not the same as the Hypo given to the VE All of that goes to show Why there was not a conflict That the ALJ was required to explain Because an ALJ does not have to Articulate his consideration Of each part of the PAMF Sorry, prior administrative medical finding Individually And so the ALJ only needed to point to evidence That supported the RFC And so the court still So the dilemma here is that There's too much authority in the ALJ To paper over things from one perspective But the other part of the dilemma Is that it's always easy to find something In the medical evidence that suggests tension Is that the thing we have to thread? I think that's a fair assessment Because the court's review is really saying Does this record compel the ALJ To find Dr. Dett's limitation In conflict with his RFC Such that he was required to explain it Because the ALJ is not required to explain Why it would not be in conflict That's just not something that the regulations require They specifically reduce that articulation requirement To not have the ALJ say Well here's how I'm accounting for this limitation I found persuasive Right? Unless he finds a conflict Explain to me, I'm slow Explain to me why there's not a conflict Okay, so Our argument is that it would be The record would not compel him to find one So there was a few reasons that we can come up with The ALJ doesn't have to tell us himself Why there wasn't a conflict Nothing requires that If the RFC assessment Conflicts with an opinion from a medical source He must explain Yes, but again We are saying That the ALJ was not compelled to find a conflict So if we look at Reeves And other district court cases that followed in its wake It said that an ALJ is not required to adopt Like every part of a medical opinion That even if he gives it great weight And they also required that the explanation wasn't necessary So But how do we know This goes back to the Chief's question It seems like the ALJ just Controls it all Well, it is an administrative finding that it's his duty to make And so the court looks at Was the ALJ acting within the zone of choice When he supported the limitations in the RFC And so in our brief we outlined The evidence that would Support the court's conclusion that it was not outside That the ALJ was not compelled to find a conflict Such that he was required to explain it Because in order to find Legal error in the ALJ's analysis There would have to be a conflict But what do you do If I understand what you're saying And I don't know that I do You're saying that this Predicate requirement of the ALJ Finding a conflict Means that if he doesn't include A restriction We are to assume That he did not find it was necessary Correct Okay Well, what do you do I mean, apart from the problems with that You know, this It's like a pass And precludes any analysis But apart from the problems What do you do about the fact That he Recited These restrictions including Flexibility and scheduling And said That these opinions are generally consisted Or generally supported by the record as a whole And are found persuasive So on the face of it He has found that opinion persuasive Correct, but persuasive does not Imply any requirement to include it in the RFC So the ALJ is only required to state Whether or not it's persuasive He's not required to adopt them Simply because they're persuasive And finding it persuasive And not adopting it Doesn't automatically mean that there's a conflict That he needs to explain Can I ask you a different question That's related to Judge White Which is If our review Correct me if I'm wrong Our reviews for abuse of discretion, right So the substantial evidence review applies to The ALJ's findings of fact And then you have DeNova review Over whether or not He applied the correct legal rules Okay, DeNova And so how do we make that review If he doesn't explain it to us So the substantial evidence review applies to The ALJ's findings of fact So the findings of fact would be Finding Dr. Depp's Prior administrative medical finding persuasive The finding of facts would be the RFC And the substantial evidence review Allows for a zone of choice Within which the ALJ can act And it acknowledges that Substantial evidence Could support other findings And so Substantial evidence could support That had the court or had Kenny been the fact finder in the first instance They would have found a conflict Between Dr. Depp's Prior administrative medical finding And the RFC such that they would explain it It also Acknowledges that substantial evidence Could support a limitation And so Needing To work in a setting where there's some flexibility As to the scheduling of breaks Could be supported by And consistent with the record And yet the ALJ Would not be compelled to include it Unless the record supported it And so that's where our argument As to it being vague To it not being specific and concrete To the ALJ's RFC accounting for it To it being a General consideration of all jobs Those are all to show That the ALJ was not compelled To find a conflict And I can go into any of those in more detail Or answer additional questions What would have worked when it comes to break flexibility? What would, sorry, go ahead What would have worked when it comes to break flexibility? How specific would it have to be For it to be outside the ALJ's discretion In terms of specifically dealing with it? Well that would depend on the individual Circumstances of the case Right, so For example, the hypothetical question presented How about this case, what would work here? Sure, so in the hypothetical question Presented to the BE It implied a change in the duration Of the breaks, so like how long they were It also implied that Kinney would need Personal control over that flexibility That she would need to get to be the one To decide when the breaks happen She would need to get to be the one To schedule them, and so We know that the ALJ asked about Ordinary breaks Ordinary breaks occurring, two 15 minute breaks And a lunch break, yes that of the BE Right before she was asked The questions by Plano's counsel The ALJ also asked about off task time And absences And so A limitation that triggered any of those Changes in duration Or Kinney's control over it Or the number Those would all Be this kind of specific and concrete Limitation Where the court could find That it was outside of the ALJ's Discretion to conclude that there was not a conflict Such that he would be required to explain it One parallel that I would note Maybe to help the court think of it Is that one of the reasons why We said it was reasonable for the A duty to articulate A conflict was not triggered Was because the ALJ's RC was more limiting Dr. Dutz said She could complete tasks, any and all tasks I see I'm running out of time May I finish my statement? And then he said She needed to do it with not a strict Reduction pace or quota And in a setting where there is Some flexibility as to the scheduling of breaks The ALJ Lowered that bar She said that Kinney could just complete tasks The ALJ lowered that bar To performing only simple routine and repetitive tasks And it makes sense when we think about it If a person is required to do Medium work, like lift 50 pounds It makes sense that they could need more breaks But if they're only required to do Light work And lift 20 pounds It makes sense that not needing to Require as many breaks can be harmonized So That is one of the reasons that we Were arguing that the record Did not compel finding a conflict And we would ask the court to affirm Okay, thank you very much Mr. Farrell Thank you I think the issue that's getting Lost here In all of our Words and briefs There is a conflict Whether the judge found it or not doesn't matter Whether he's required to find it before He resolves it does matter But there is a conflict He asked a hypothetical question That did not include all the terms And the vocational witness identified jobs On cross-examination When asked to address the limitation that was missing The vocational witness said That's an accommodated setting It is not consistent with competitive work activity There's a conflict If you were to In response to my concern about the other side of the dilemma That you're always going to be able to identify Tension in the record That the ALJ didn't perfectly explain Certainly there are Times where that doesn't matter I mean or where it does matter And there are times where it doesn't matter And we're not seeking perfection Here we have Two distinct Questions and two distinct answers Why isn't some Flexibility I mean it's pretty I mean it's so much more concrete to say When I think breaks I do think 15 minutes And it sounds like that's not really the theory of the case Here The problem is in this case your honor that If the flexibility In breaks and scheduling is necessary That isn't how employers work And so then the question Really does become consistency And supportability And the number of times where She's reported to have broken down during Therapy sessions or before Therapy sessions or the number of times She was either absent, late Those are all Consistent and support the conclusions Of everybody Social security's reviewing physician The treating physician And the treating medical therapist So this isn't like there's some doctor Saying yes and some saying no All three of them say it's there Can I go back though The substantial Evidence standard Says if there's Conflict we don't need to really get into That as long as this side Is justified Not if the judge didn't address it Because it resolves The case one way or the other That's a conflict Between two doctors some saying he Can stand four hours she can stand six Hours There are opinions on both sides The conflict here is In the opinions Result There is no conflict in the Opinions themselves Everybody agrees she's going to miss Time everybody Agrees she's going to have flexibility That isn't a dispute It's the result that is at issue Thank you very much Both of you for your helpful briefs and oral arguments We greatly appreciate it and hope Tonight you get to listen to music And not read the federal register All right the case will be Submitted and the clerk may call the last case